IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARVIN L. MALONE, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:09-CV-0518-M |
| | ) | |
| TEXAS STATE PAROLE BOARD, | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* habeas corpus action.

Parties: At the time of filing this action, Petitioner Marvin L. Malone ("Malone") was incarcerated at the Byrd Diagnostic Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) in Huntsville, Texas. Thereafter, TDCJ transferred him to the South Texas ISF in Houston, Texas. Presently, Malone resides at his home in Henryetta, Oklahoma.

The Respondent is the Texas State Parole Board. The court has not issued process in this case pending preliminary screening.

Statement of Case: This is the tenth case which Malone has filed in this court relating to his1985 Dallas County conviction for sexual assault of a child, for which he was sentenced to

forty years imprisonment. *State v. Malone*, No. F85-98931-IM (194th Jud. Dist. Court 1985), *affirmed*, No. 05-85-01401-CR (Tex. App.– Dallas Nov. 5, 1986, no pet.). Despite his "veteran filer" status, the claims which he asserts in this case are well nigh unintelligible.

On March 17, 2009, while incarcerated at the Byrd Unit, Malone filed the initial pleading in this case styled as a "Federal Injunction." He named the Texas State Parole Board as the sole Respondent, and asserted the often-repeated claim that his conviction in No. F85-98931-IM was without any legal basis.

On March 24, 2009, the court issued a notice of deficiency and order directing Malone *inter alia* to file *either* a § 2254 petition *or* a civil rights complaint on the appropriate form. The court informed Malone that the filing fee for a civil rights action was $350.00, and that the filing fee for a habeas action was $5.00. The court also informed him that, if he was pursuing both habeas and civil rights relief, he must file two separate cases. On April 24, 2009, the court extended the compliance date to May 25, 2009.

Later that day, the court received correspondence from Malone with a new caption that named Oklahoma state parole officers as defendants. (*See* Doc. No. 6). This correspondence further stated that necessary records were at his residence in Henryetta, Oklahoma, and that he would be released from the South Texas ISF to go home on June 24, 2009. (*Id.*). As a result of this correspondence, the court filed an order on April 28, 2009, giving Malone until July 10, 2009, to comply with the March 24, 2009 deficiency order.

On May 27, 2009, Malone filed a habeas corpus petition pursuant to 28 U.S.C. § 2254, purporting to attack his conviction in F85-98931-JM. (Doc. No. 8). Contemporaneously, he filed a pleading entitled "Emergency Federal Injunction." (Doc. No. 9). On May 26, 2009,

2

Malone filed an additional pleading also entitled "Emergency Federal Injunction." (Doc. No. 10). However, an examination of the latter discloses that it is a request to proceed *in forma pauperis*.[1] (*Id.*). The final page of this document contains a statement signed by Malone on May 23, 2009, reflecting that he had returned to his home in Oklahoma on May 9, 2009, more than one month before his anticipated release date. On May 27, 2009, the court received a $5.00 money order mailed from Petitioner's home address in Oklahoma. Lastly, on May 29, 2009, Malone submitted a supplement to his "Emergency Federal Injunction."

Findings and Conclusions: Insofar as Malone seeks to attack his conviction for sexual assault of a child, it is clear that he must obtain leave from the Fifth Circuit to file a successive habeas petition. *See* 28 U.S.C. § 2244(b)(3)(A).[2] Because he has not obtained an order from the Fifth Circuit authorizing him to file a successive § 2254 petition, his pleadings – construed as a petition for habeas corpus relief – must be dismissed for want of jurisdiction. *See Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999).

The claims leveled against the individual parole officers in the States of Oklahoma and

---

[1] As with Doc. No. 9 and correspondence filed on April 24, 2009 (Doc. #6), Malone lists Oklahoma and Texas parole officials as defendants.

[2] Since his conviction was affirmed on direct appeal, Malone has filed at least six art. 11.07 applications in the Texas state courts attacking his conviction in No. F85-87831-IM. He has also filed several federal habeas corpus petitions pursuant 28 U.S.C. § 2254 in this court. On April 26, 2005, the court dismissed his § 2254 petition filed in *Malone v. Dretke*, No. 3:03cv2204-N (N.D. Tex.) as being time-barred. A subsequently filed § 2254 petition in this court was dismissed for want of jurisdiction, but without prejudice to filing a motion for leave to file a successive habeas petition in the Fifth Circuit. *See Malone v. Dretke*, No. 3:05cv1990-D (N.D. Tex. Nov. 14, 2005). His more recent § 2254 was likewise dismissed for lack of jurisdiction as successive. *See Malone v. Quarterman*, No. 3:07cv2032-P (N.D. Tex. Feb. 12, 2008). In addition, the Fifth Circuit denied Malone leave to file a successive habeas petition. *See In re Malone*, No. 08-10280 (5th Cir. Jul. 8, 2008).

Texas are wholly incomprehensible. Even assuming these claims were cognizable under 42 U.S.C. § 1983, they lack an arguable basis in law and should be dismissed with prejudice as frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989) (a complaint is frivolous, if it "lacks an arguable basis either in law or in fact.").[3]

By his own admission, Malone is not incarcerated. He does not claim that there is any outstanding warrant for arrest issued by the parole authorities in either State. Under such circumstances his request for injunctive relief is patently frivolous and should be dismissed with prejudice. *See* 28 U.S.C. § 1915(e)(2)(B)(i).[4]

RECOMMENDATION:

For the foregoing reasons, it is recommended that, insofar as Malone seeks to attack his conviction for sexual assault of a child, his request for habeas corpus relief be DISMISSED for want of jurisdiction. *See* 28 U.S.C. § 2244(b)(3)(A).

It is further recommended that, insofar as Malone seeks injunctive relief against parole officials of the States of Oklahoma and Texas under 42 U.S.C. § 1983, that his motion to proceed *in forma pauperis* (Doc. No. 10) be granted, that his claims be DISMISSED with prejudice as

---

[3] The court recommends that Malone's motion to proceed *in forma pauperis* (Doc. No. 10) be granted in connection with these claims, and that the district court screen the same under 28 U.S.C. § 1915(e)(2)(B)(i) which provides in pertinent part that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action (i) is frivolous or malicious . . . ."

[4] Because the claims for injunctive relief are wholly frivolous at this time, it is unnecessary to address other procedural requirements, e.g. *see Barnett v. Frizell*, No. 3:04cv2585-B, 2005 WL 440443 at *2 (N.D. Tex. Feb. 24, 2005), recommendation accepted, 2005 WL 701030 (March 23, 2005) (noting that challenge to future imposition of sex-offender-classification treatment and restrictions may be cognizable in a habeas corpus action under 28 U.S.C. § 2254 after exhaustion of state court remedies), or whether the court has personal jurisdiction over those persons against whom Malone seeks injunctive relief.

frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and that his motion for emergency injunction (Doc. No. 9) be DENIED.

    A copy of this recommendation will be mailed to Plaintiff.

    Signed this 2nd day of July, 2009.

                                      _____
                                      WM. F. SANDERSON, JR.
                                      UNITED STATES MAGISTRATE JUDGE

## NOTICE

    In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.